UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | | |
|---|---|---|
| **ANTHONY C. YOUNG,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 12-CV-2265 |
| | ) | |
| **NEDRA CHANDLER, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On September 28, 2012, Petitioner, Anthony C. Young, mailed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) to this court, with attached exhibits. The Petition (#1) was received by this court on October 9, 2012. On October 31, 2012, Petitioner paid the $5.00 filing fee and Petitioner's Petition Under § 2254 (#1) was therefore considered filed in this court. On February 6, 2013, Respondent filed a Response (#11) to the Petition and attached exhibits, including portions of the state court record.

This court has carefully reviewed the arguments of the parties and the exhibits filed in this case. Following this careful and thorough review, Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) is DENIED.

## FACTS

On November 17, 2006, in Case No. 06 CF 1236 in the circuit court of Champaign County, Petitioner pleaded guilty to the offense of criminal sexual assault. Petitioner was sentenced to a term of four years in the Illinois Department of Corrections (IDOC) the same day. The sentencing order entered on November 17, 2006, did not mention a term of mandatory supervised release (MSR). At the conclusion of the hearing, the trial court admonished

Petitioner regarding his appeal rights and told him that, prior to taking an appeal, he "must file in this court within 30 days a written motion asking to have the judgment vacated and for leave to withdraw [his] guilty plea." Petitioner did not file a motion to withdraw his guilty plea and did not appeal from the judgment against him.

Petitioner was later released from prison and placed on MSR. On September 20, 2011, Petitioner received a sentence calculation worksheet from the IDOC which stated that his sentence included a term of "lifetime MSR." Petitioner was charged with theft in January 2012 and his MSR was revoked.

On October 9, 2012, Petitioner filed a Motion for Habeas Corpus Relief in the circuit court of Champaign County. Petitioner argued that his sentence in Case No. 06 CF 1236 expired in its entirety on December 4, 2009, when he was released from prison, because no MSR term had been imposed. Petitioner argued that the MSR term imposed by the IDOC was void and he was entitled to immediate release from prison. On December 12, 2012, Presiding Judge Thomas J. Difanis entered an Order in the circuit court of Champaign County. Judge Difanis found Petitioner's claim to be patently frivolous because the "IDOC is mandated to add to felony sentences imposed in the Circuit Court the period of MSR designated by the legislature. In this case, three years to natural life." Judge Difanis therefore dismissed Petitioner's Motion for Habeas Corpus Relief with prejudice. Petitioner had 30 days to file an appeal but did not file a Notice of Appeal from Judge Difanis' ruling.

## ANALYSIS

As noted, Petitioner's Petition (#1) was received by this court on October 9, 2012 and was considered filed when Petitioner paid the filing fee on October 31, 2012. In his Petition,

Petitioner argued that he was entitled to immediate release because he is being imprisoned unlawfully as no MSR term was imposed by the court. Petitioner has argued that his imprisonment is unconstitutional. On February 6, 2013, Respondent filed a Response to Habeas Corpus Petition (#11). Respondent argued that Petitioner's Petition is untimely, is procedurally defaulted, is barred by the ruling in *Teague v. Lane*, 489 U.S. 288 (1989) and is meritless because a term of MSR was automatically a part of Petitioner's sentence as a matter of Illinois law, 730 Ill. Comp. Stat. 5/5-8-1(d)(4) (West 2006) (MSR term for defendants who commit criminal sexual assault is three years to life). While all of Respondent's arguments appear meritorious, this court concludes that Petitioner's Petition has clearly been procedurally defaulted and will be denied on that basis.

## PROCEDURAL DEFAULT

Because Petitioner filed his habeas petition after April 24, 1996, the petition is reviewed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). As amended by the AEDPA, 28 U.S.C. § 2254(b)(1)(A) "authorizes the issuance of a writ of habeas corpus only if the petitioner has exhausted all available state remedies." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Providing a full and fair opportunity requires the petitioner to exhaust his state remedies and to avoid procedurally defaulting his claims during the state court proceedings. *Schaff v. Snyder*, 190 F.3d 513, 524 (7th Cir. 1999), *quoting Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998). Both are required and, if a habeas petitioner fails

3

to meet either of these requirements, a court is barred from reaching the merits of his claims in a federal habeas proceeding. *Schaff*, 190 F.3d at 524.

To avoid procedural default, a petitioner must raise his claim through "one complete round" of state court review which, in Illinois, requires raising the claim in the Illinois Appellate Court and in a petition for leave to appeal (PLA) to the Illinois Supreme Court. *Boerckel*, 526 U.S. at 845. If the petitioner fails to do so, and the time for doing so has passed, the claim is defaulted. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). In this case, Petitioner raised his claim in the circuit court of Champaign County but did not file an appeal with the Fourth District Appellate Court or file a PLA with the Illinois Supreme Court, and it is now too late to do so. Therefore, his claim has been procedurally defaulted.

"Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Daniels v. Knight*, 476 F.3d 426, 430 (7th Cir. 2007), *quoting Dretke v. Haley*, 541 U.S. 386, 388 (2004). Therefore, in order to obtain review of procedurally defaulted claims, a habeas petitioner must demonstrate cause for his state-court default of the claim and prejudice therefrom. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). In addition, a petitioner can avoid procedural default if procedural default would lead to a fundamental miscarriage of justice. *See Smith v. McKee*, 598 F.3d 374, 387 (7th Cir. 2010); *see also Edwards*, 529 U.S. at 451. "The fundamental miscarriage of justice exception requires 'the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually

innocent.'" *Smith*, 598 F.3d at 387-88, *quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In this case, Petitioner did not file a Reply to Respondent's Response and has not argued that there is any basis for avoiding his procedural default. This court agrees with Respondent that, because Petitioner has not demonstrated cause and prejudice or actual innocence, this court may not review his claim. *See Perruquet*, 390 F.3d at 514-15.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, "a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether the issue raised in Petitioner's Petition was procedurally defaulted. This court also concludes that jurists of reason would not find it debatable whether Petitioner's Petition states a valid claim of the denial of a constitutional right. Therefore, this court concludes that a COA is unwarranted.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) is DENIED.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

    ENTERED this 2nd day of December, 2013

      s/MICHAEL P. McCUSKEY
      U.S. DISTRICT JUDGE